UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | : | |
| | : | Chapter 7 |
| JOSEPH E. MONTALTO | : | Case No. 25-11966-CJP |
| Debtor | : | |
| | : | |

**DEBTOR'S MOTION FOR GUIDANCE REGARDING RULE 2004 EXAMINATION IN LIGHT OF PENDING CRIMINAL INVESTIGATION**

To the Honorable Christopher J. Panos, Bankruptcy Judge:

Now comes the Debtor, Joseph E. Montalto (herein "Debtor"), by and through his undersigned counsel, who respectfully moves this Court for guidance as follows:

**PRELIMINARY STATEMENT**

1. The Debtor seeks guidance, not delay. He has testified at his meeting of creditors and has produced documents in this case, and he does not ask to be excused from the Rule 2004 examination the creditors are entitled to conduct by January 15, 2027. What he asks is that the Court set the ground rules for that examination in advance, because a pending criminal investigation places him in a position the parties cannot sort out on their own: on some topics he can and will answer fully; on others, counsel expects he will have to invoke his privilege against self-incrimination under the Fifth Amendment, question by question.

2. On September 25, 2026, police officers executed a search warrant issued by the Superior Court at the Debtor's residence (a copy of the search warrant is annexed hereto as Exhibit A, the content of which is specifically incorporated herein by reference), searching the premises and the Debtor's person and seizing documents, a computer, and a cell phone. The investigation that warrant serves concerns the same transactions, entities, and properties that are the subject of the creditors' anticipated complaints. No charge has been filed, and the Debtor is represented by criminal counsel in connection with the investigation. The Debtor states these circumstances only because they are the reason for this Motion; he does not ask the Court to make any finding about the investigation, and nothing in this Motion is an admission concerning it.

3. There is a further reason the Court should set the procedure now, and the Debtor raises it directly. The creditors pressing for this examination are, on information and belief,

the complainants whose reports to the police produced the September 25 search. They have never told this Court that. The only mention of an investigation in this record is their own counsel's, in a February 2026 filing, and it was made to taunt the Debtor: counsel wrote that the Debtor should "dismiss this case and await the outcome of the Investigation." After the warrant issued, the creditors filed the motions that led to the November 12, 2026 hearing and pressed the Debtor's Fifth Amendment assertions as though they were obstruction, without disclosing that the peril behind those assertions is one they created. The Debtor does not contend the creditors had no right to go to the police. He contends they had no right to litigate in this Court on a record that concealed their own role.

**BACKGROUND**

4. The Debtor filed this Chapter 7 case on September 17, 2025. The Chapter 7 trustee has filed a Report of No Distribution. The Debtor needs his discharge, including to secure housing.

5. Creditors Robert Giacobelli and Lindsay Santini Moran and Lesley Santini have pursued objections to the Debtor's discharge through a series of motions to extend the objection deadline, motions for Rule 2004 examinations, and a motion to compel production, which this Court granted. Their former counsel referred in a February 2026 filing to "the Investigation," so the circumstance described in paragraph 2 has been in the case, in some form, for months.

6. The Debtor's cooperation to date is a matter of record: he appeared and testified at his Section 341 meeting, and he produced documents in April 2026 and again in August 2026 in response to the creditors' requests and this Court's order. The Debtor has also amended his Statement of Financial Affairs to correct two answers (Questions 27 and 28); the amendment was filed and allowed on November 16, 2026.

7. The sequence matters. The search warrant issued on September 22, 2026 and was executed on September 25, 2026. Days later, on September 28 and 29, 2026, the creditors filed the extension motions that led to the November 12 hearing — seeking still more time and still more discovery, including records that were by then in the custody of the police under their own complaint. At no point in those motions, or at the November 12 hearing convened on the Debtor's Fifth Amendment assertions, did any creditor disclose that a warrant had issued or been executed, that the Debtor's records had been seized, or

that his assertions were a response to a criminal exposure the creditors themselves had set in motion.

8. Following the November 12, 2026 hearing, the creditors have until January 15, 2027 or prior thereto to conduct a Rule 2004 examination and until February 5, 2027, to file their complaints. The examination now to be conducted will necessarily range over the Debtor's business entities, loans, and property transactions — the same general subject matter that the criminal investigation appears to concern.

**THE GUIDANCE REQUESTED**

9. The Debtor does not assert, and will not assert, a blanket privilege. He expects to answer fully on the topics covered by his Section 341 testimony and his document production. Counsel expects invocations, if any, to be limited to discrete questions whose answers could incriminate him in the pending investigation.

10. Without guidance, the examination will generate disputes the parties cannot resolve themselves: the scope of any waiver arising from the Debtor's prior testimony and production; the validity of particular invocations; and the effect of any sustained invocation on the March 1, 2027 complaint deadline and on any later trial. Litigating those questions after the examination, on a cold record, serves no one — least of all the creditors, whose complaint deadline is fixed.

11. The Debtor therefore asks the Court to indicate how it wishes the examination to proceed, and proposes the following, in the Debtor's order of preference: (a) a status conference before the examination, at which the Court sets the procedure — assertion question by question on the record, with disputed invocations submitted for prompt ruling, in camera if the Court prefers; (b) sequencing, under which the examination proceeds first on topics as to which no invocation is expected, with any privileged topics deferred to a date the Court sets; or (c) in the alternative, a deferral of the examination for a defined period of [120] days, with a corresponding extension of the complaint deadline and a status report at the end of the period, if the Court prefers deferral to piecemeal invocation.

12. The Debtor also asks the Court to confirm that a good-faith invocation of the privilege, if sustained by the Court, will not itself be treated as a refusal to respond to a material question under 11 U.S.C. § 727(a)(6)(C).

**LEGAL FRAMEWORK**

13. The Fifth Amendment privilege applies in bankruptcy proceedings, including meetings of creditors and Rule 2004 examinations. It is invoked question by question, and it is sustained where an answer could furnish a link in a chain of evidence needed to prosecute the witness. See Hoffman v. United States, 341 U.S. 479 (1951); McCarthy v. Arndstein, 266 U.S. 34 (1924). A pending criminal investigation, with a search already executed, makes the apprehension of incrimination concrete rather than speculative.

14. A valid invocation is not a ground to deny a discharge. Section 727(a)(6)(C) reaches a debtor who refuses to respond to a material question approved by the Court; a debtor who stands on a sustained constitutional privilege does not "refuse" within the meaning of that provision. No immunity under 18 U.S.C. §§ 6002–6003 has been sought or granted in this case.

15. The Debtor acknowledges the counterweights, and they are part of why he seeks guidance now rather than rulings later. In this civil proceeding, an adverse inference may be drawn from a sustained invocation. Baxter v. Palmigiano, 425 U.S. 308 (1976). And testimony a witness has already given may limit the privilege as to the topics that testimony covered. The Debtor does not ask the Court to resolve those questions in the abstract; he asks the Court to set the procedure by which they will be resolved, before the examination rather than after it.

16. The creditors' nondisclosure bears on how those questions should be resolved. A party who asks the Court to act — to extend deadlines, to compel, and above all to draw conclusions from a debtor's invocation of the privilege — owes the Court the material facts, including his own role in creating the dilemma. The creditors' silence was not neutral. Each extension they obtained rested on the premise that the Debtor's conduct explained the pace of this case; the November 12 hearing was convened on the premise that his invocations were obstruction. Both premises were incomplete in a way that favored the movants, and the incompleteness was theirs. A litigant may pursue a criminal complaint and a discharge objection at the same time, but he may not use the first as silent leverage in the second — manufacturing a witness's peril, then presenting the witness's predictable response to that peril as evidence of bad faith — while keeping the Court in the dark about his own part in it. The Court may take the nondisclosure into account under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9011, and its inherent authority: in weighing the creditors' credibility, in considering any further request to extend the deadlines under Fed. R. Bankr.

P. 4004(b), and in deciding what consequences, if any, should attach to a sustained invocation that the creditors' own undisclosed conduct made necessary.

17. The Court has ample authority to structure the examination and the schedule: Rule 2004 itself, the protective-order principles of Fed. R. Civ. P. 26(c) as applied in contested matters and examinations, and 11 U.S.C. § 105(a).

WHEREFORE, the Debtor respectfully requests that this Court (i) schedule a status conference and give guidance on the procedure, scope, and sequencing of the Rule 2004 examination in light of the pending criminal investigation; (ii) confirm that a good-faith, sustained invocation of the Fifth Amendment privilege will not itself be treated as a refusal under 11 U.S.C. § 727(a)(6)(C); (iii) take the creditors' nondisclosure of their role in the criminal investigation into account in considering any further extension of the deadlines in this case and any consequence of a sustained invocation; (iv) in the alternative, defer the examination for [120] days with a corresponding extension of the March 1, 2027 complaint deadline; and (v) grant such other relief that this Honorable Court deems appropriate and just.

Respectfully submitted
JOSEPH E. MONTALTO,

By his attorney,

/s/ Barry R. Levine
Barry R. Levine (BBO No. 296500)

100 Cummings Center - Suite 327G
Beverly, MA 01915

TEL: 978-922-8440

barry@levineslaw.com

DATED: November 18, 2026

CERTIFICATE OF SERVICE

I, Barry R. Levine, state that on November 18, 2026, I electronically filed the foregoing forgoing with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants and the non-CM/EF parties on the list annexed hereto:

Richard King, Assistant US Trustee

Mark DeGiacomo, Chapter 7 Trustee

/s/ Barry R. Levine

Barry R. Levine

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

TRIAL COURT OF MASSACHUSETTS

Superior COURT DEPARTMENT

Middlesex DIVISION

SEARCH WARRANT DOCKET NUMBER

**TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:**

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

- [x] has been stolen, embezzled, or obtained by false pretenses.
- [x] is intended for use or has been used as the means of committing a crime.
- [ ] has been concealed to prevent a crime from being discovered.
- [ ] is unlawfully possessed or concealed for an unlawful purpose.
- [x] is evidence of a crime or is evidence of criminal activity.
- [ ] other *(specify)* ______

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property:

See Attachment A to Warrant

- [x] at:

See Attachment B to Warrant

which is occupied by and/or in possession of:

Joseph Montalto DOB 05/31/84

- [ ] on the person or in the possession of *(identify any specific person(s) to be searched)*:

You [ ] are [x] are not also authorized to conduct the search at any time during the night.

You [ ] are [x] are not also authorized to enter the premises without announcement.

You [ ] are [x] are not also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the Woburn ~~Middlesex~~ Division of the ~~Superior~~ District Court Department.

| | |
|---|---|
| DATE ISSUED<br>09/22/26 | SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK<br>X [signature] |
| FIRST OR ADMINISTRATIVE JUSTICE<br>WITNESS: Michael D. Ricciuti | PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK<br>Honorable Justice |

# ATTACHMENT A TO SEARCH WARRANT
# (ITEMS TO BE SEARCHED FOR AND SEIZED)

1. This search warrant authorizes the Massachusetts State Police, with assistance from Stoneham Police and other law enforcement officers to search for and to seize the following items, believed to constitute evidence, fruits, or instrumentalities of the crimes of larceny over $1,200 (G. L. c. 266, § 30), receiving stolen property fraud (G. L. c. 266, § 60), money laundering (G. L. c. 267A, § 2), securities fraud (G. L. c. 110A, § 409) and solicitations and conspiracies to commit those offenses, the "SUBJECT OFFENSES".

a. Documents, in paper or electronic form, related to the formation and operation of LLCs used by or associated with MONTALTO including: 4 LOWELL STREET REVELOPMENT LLC, THE MONTALTO GROUP LLC, MONTALTO AT BLUFFTON LLC, A7 DEVELOPMENT LLC, NRGY DEVELOPMENT LLC, and J & S DEVELOPMENT LCC.

b. Documents, in paper or electronic form, related to the ownership of properties at 94 Soleil Mountain Rd., Laconia, NH; 1972 NYS Route 7, Bainbridge, NY 13733; 720 Riverside Drive, Johnson City (a municipality within the Town of Union) in Broome County, New York, Tampa, Florida; or 4 Lowell Street, Lynnfield, MA.

c. Financial records of MONALTO, his wife Angela Montalto, and any of the LLCs listed in subparagraph (a) above for the previous six years, in paper or electronic form, including bank statements, checks, wires, signature card, check registers, bank checks, money orders, and other monetary instruments.

d. Records, in paper or electronic form, evidencing obligations, debts, or property ownership by MONTALTO, his wife Angela Montalto, and any of the entities listed in subparagraph (a) above during the previous six years, including deeds, purchase

and sale agreements, contracts, promissory notes, security agreements, mortgage notes, mortgage statements, bank statements, and receipts.

e. Emails, letters, and correspondence with banks, investment companies, and individual investors, in paper or electronic form, including Lindsay or Leslie Santini, Donald Payne, An Hoi Tran, Robert Giacobelli, Westinghouse, Acquire Capital, Port Unity, Bert Eiro, Brian Ortins, Signature Capital, or related to any of the entities listed in subparagraph (a).

f. Cash, including U.S. currency.

g Cell phones including the telephone assigned phone number (339) 203-7958 (SUBJECT PHONE #1) and documentary evidence of the use of cell phones, such as monthly statements/invoices for cell phones, cell phone manuals and chargers, SIM cards (which may store data used to configure cell phones), cell phone boxes or cases, receipts/invoices for the purchase of cell phones or cell phone monthly minutes, and documents indicating the means or sources of payments for cell phones or cellular services pertaining to the telephone lines, and

2. This warrant also authorizes law enforcement officers to take reasonable and necessary measures to preserve the devices and any stored information contained therein from alteration, destruction, deletion, remote access or other potential loss of relevant evidence. Such measures may include placing the devices into a preservation mode or equivalent forensic isolation state using Cellebrite forensic technology or other approved forensic equipment/software. Beyond this, investigators shall obtain separate legal authority to search any such devices.

3. Executing officers may document the search with photographs or video.

## ATTACHMENT B TO SEARCH WARRANT
## (PLACES TO BE SEARCHED)

1. The person of Joseph MONTALTO (DOB 5/31/1984), pictured below, believed to reside at 4 Lowell Street, Lynnfield, MA (the "SUBJECT PREMISES").



2. The SUBJECT PREMISES, 4 Lowell Street, Lynnfield, MA, is a two-story white house accessible via either the front or rear door. There is a large driveway at the rear of the house and a walkway that leads to a stone stairway and a landing at the front door. Photographs of the SUBJECT PREMISES appear below.





# MASSACHUSETTS STATE POLICE

Middlesex County
District Attorney's Office
15 Commonwealth Avenue Woburn, MA 01801
Middlesex Detective Unit

## Consent to Search Mobile Electronic Communication Device

I, Joseph Montalto, of 4 Lowell St Lynnfield MA knowingly, freely and voluntarily, give permission and consent to Trooper Dowling of the Massachusetts State Police assigned to the Middlesex District Attorney's Office, and, where applicable, to other law enforcement personnel designated by the Massachusetts State Police, to take possession of, remove to another location, copy, and examine each mobile electronic communication device and related voice mailbox listed below for all data and communications contained therein, including but not limited to audio messages left within the mailbox of the mobile electronic communication device (which messages will be accessed by using the device to connect to my voice mailbox), text messages (received, sent, saved, or drafted), address book entries and other contact information, pictures, videos, audio recordings, calendar entries, memoranda, notes, software programs, settings, waypoint references, addresses, searches, routes taken, historical data, coordinates, and code. I consent to the removal of each mobile electronic communication device listed below because of the complexity and the tool(s) necessary to conduct a thorough examination of the device. My consent shall expire in 180 days, at which time I can exercise my right to retrieve each device listed below by contacting Trooper Dowling at 781 528 8151 to schedule a mutually agreeable time for my retrieval of the pertinent device. With that, my above-described consent applies to the following named devices:

Lenovo laptop
Cash [illegible]

I, Joseph Montalto, have been informed and understand that I have the right to refuse to consent to the above-referenced examination(s) and that such an examination(s) cannot occur without my consent, my abandonment of the device, or a search warrant. I also have been informed and understand that evidence and/or contraband found as a result of the above-referenced examination(s) might be held by law enforcement for use against me or another person(s) in a court of law.

Without any promises made to me and without any threats against me, I now give this written consent knowingly, intelligently, freely, and voluntarily to the above-named member of the Massachusetts State Police, and, where applicable, to other law enforcement personnel designated by the Massachusetts State Police.

Signature: ________ Witness: ________ 4117

Date: 9-28-26 Date: 09/28/26

# MASSACHUSETTS STATE POLICE
## Middlesex County
## District Attorney's Office
15 Commonwealth Avenue Woburn, MA 01801
Middlesex Detective Unit

## Consent to Search Mobile Electronic Communication Device

I, Joseph Montalto, of 4 Lowell St Lynnfield MA knowingly, freely and voluntarily, give permission and consent to Trooper Dowling of the Massachusetts State Police assigned to the Middlesex District Attorney's Office, and, where applicable, to other law enforcement personnel designated by the Massachusetts State Police, to take possession of, remove to another location, copy, and examine each mobile electronic communication device and related voice mailbox listed below for all data and communications contained therein, including but not limited to audio messages left within the mailbox of the mobile electronic communication device (which messages will be accessed by using the device to connect to my voice mailbox), text messages (received, sent, saved, or drafted), address book entries and other contact information, pictures, videos, audio recordings, calendar entries, memoranda, notes, software programs, settings, waypoint references, addresses, searches, routes taken, historical data, coordinates, and code. I consent to the removal of each mobile electronic communication device listed below because of the complexity and the tool(s) necessary to conduct a thorough examination of the device. My consent shall expire in 30 days, at which time I can exercise my right to retrieve each device listed below by contacting Trooper Dowling at 781 528 8151 to schedule a mutually agreeable time for my retrieval of the pertinent device. With that, my above-described consent applies to the following named devices:

iPhone in ClearCase ____ 777777

I, Joseph Montalto, have been informed and understand that I have the right to refuse to consent to the above-referenced examination(s) and that such an examination(s) cannot occur without my consent, my abandonment of the device, or a search warrant. I also have been informed and understand that evidence and/or contraband found as a result of the above-referenced examination(s) might be held by law enforcement for use against me or another person(s) in a court of law.

Without any promises made to me and without any threats against me, I now give this written consent knowingly, intelligently, freely, and voluntarily to the above-named member of the Massachusetts State Police, and, where applicable, to other law enforcement personnel designated by the Massachusetts State Police.

Signature: [signature] Witness: [signature] 4117

Date: 9-28-26 Date: 09/28/26

Adam J. Hardej, Jr.
BAAR Realty Advisors
133 Washington Street - 2nd Floor
Norwell, MA 02061

Aliona Cojocari
160 Carroll Drive
Carlisle, MA 01741

BC Services, Inc.
PO Box 1317
Longmont, CO 80502-1317

Beth Isreal Lahey Health
PO Box 24284
New York, NY 10087-4284

Cohn & Dussi, LLC
255 State Street - Ste 7B
Boston, MA 02109

Credit One Bank
Attn: Bankruptcy Department
6801 S Cimarron Rd
Las Vegas, NV 89113-2273

Donald K. Harwood, Tr of the Onion
Town Realty Trust
175 Water Street
Danvers, MA 01923

Edward J. Sciaba, III
Michael E. Sciaba, Pers. Representatives
c/o Brian Charles Almeida
1350 Main St. Ste. 22
Walpole, MA 02081

Eric D. Couture
75 Margin Street
Peabody, MA 01960

Genesis Fs Card Services
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076-4401

Genesis Fs Card Services
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076-4401

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Lesley Santini
22 Grover Place - Unit 6
Winchester, MA 01890

Lindsay Santini Moran
6 Alesworth Avenue
Winchester, MA 01890

MA Department of Revenue
Bankruptcy Unit
PO Box 7090
Boston, MA 02204-7090

Merrick Bank Corp
PO Box 9201
Old Bethpage, NY 11804-9001

MSA Mortgage LLC
354 Main Street
Winthrop, MA 02152

Pro Choice Quality Painting
ATTN: Stephen Lombardi
Goldberg & Donovan, Inc.
197 Main St. - Ste 203
Milford, MA 01757

Robert Giacobelli
5 Brentwood Avenue
Stoneham, MA 02180

Rohit Saini
160 Carroll Drive
Carlisle, MA 01741

SCP Development High Yield Fund
400 Carl Street Ste 201
Washington, DC 20403

Shaun Khan, Esquire
DDSK Law LLC
900 Cummings Center Ste. 210U
Beverly, MA 01915

STI Precast
60 Lanides Lane
Leominster, MA 01453

Town of Lynnfield
Dept. 5060
PO Box 4110
Woburn, MA 01888-4110

U.S. Department of Education
Attn: Bankruptcy
400 Maryland Ave SW
Washington, DC 20202-0001