**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS — EASTERN DIVISION**

In re: JOSEPH E. MONTALTO, Debtor Chapter 7 | Case No. 25-11966-CJP

# ROBERT GIACOBELLI'S OPPOSITION TO DEBTOR'S MOTION FOR GUIDANCE REGARDING RULE 2004 EXAMINATION (DOCKET NO. 153)

Creditor Robert Giacobelli, appearing pro se, opposes the relief sought in Docket No. 153 insofar as it would delay, curtail, or burden the Rule 2004 examination previously authorized by this Court. Mr. Giacobelli does not seek to override any valid constitutional privilege. He asks that the examination proceed promptly, with any Fifth Amendment claims addressed as to specific questions on a proper record.

**1. The Court-authorized examination should proceed.**

The Debtor acknowledges that creditors are entitled to conduct a Rule 2004 examination by January 15, 2027. Rule 2004 permits inquiry into the Debtor's acts, conduct, property, liabilities, financial condition, and matters affecting administration of the estate or discharge. The existence of a criminal investigation does not, by itself, terminate those civil examination rights. The Court should preserve meaningful questioning regarding the Debtor's financial affairs, including relevant entities, transfers, obligations, and property interests, subject to its existing orders and applicable privileges.

**2. A possible future Fifth Amendment assertion does not justify postponing the entire examination.**

The Debtor's motion anticipates that he may invoke the Fifth Amendment as to some questions during a future Rule 2004 examination. An anticipated assertion is not an actual invocation in response to a specific question, and the Court cannot determine in advance that every relevant financial inquiry would call for privileged testimony. The Debtor expressly represents that he does not seek a blanket privilege and expects to answer other questions fully. Mr. Giacobelli therefore requests that the Debtor appear as ordered, answer nonprivileged questions, and assert any privilege separately as to each particular question on the record, with disputed claims submitted promptly for judicial determination. This request respects any valid constitutional privilege; it does not seek to compel protected testimony. The mere possibility of a future assertion should not be used to defer the entire examination for 120 days or diminish creditors' opportunity to investigate before the applicable deadlines.

**3. The Debtor's accusations against creditors should not be accepted as established facts.**

Docket No. 153 accuses creditors of concealing their role in a police investigation, creating the Debtor's predicament, and improperly using it in bankruptcy proceedings. Those serious accusations are not established merely by counsel's assertions. The fact that a creditor may have reported suspected conduct to law enforcement does not establish wrongdoing, litigation misconduct, or a duty to disclose confidential investigative information. Mr. Giacobelli disputes any suggestion that pursuing authorized bankruptcy discovery is itself harassment or bad faith. He asks the Court to reject any request for adverse credibility findings, sanctions, or restrictions based on unproven allegations.

**4. The November 12, 2026 hearing warrants clarification, not delay.**

At the November 12, 2026 hearing, Mr. Giacobelli understood Attorney Barry R. Levine to state that the Debtor would produce the identified documents while disputing the creditors' entitlement to seek additional records. Yet the Debtor's November 18 motion now relies upon a criminal investigation and a search warrant executed on September 25, 2026—circumstances that, according to the motion, were already

known before the November 12 hearing. Mr. Giacobelli respectfully asks the Court to require counsel to clarify why these circumstances were not raised at that hearing as a claimed impediment to the Rule 2004 examination or document production, if that is what counsel now contends. The motion itself acknowledges that no criminal charge had been filed; accordingly, Mr. Giacobelli does not assert that a criminal case was pending or that counsel necessarily had a duty to volunteer the investigation. Rather, he requests a clear explanation of the apparent change in position and asks that it not be used to deprive him of the examination already authorized by the Court. This account of the November 12 statements reflects Mr. Giacobelli's recollection and should be verified against the hearing record.

**5. Existing production and amendments do not eliminate the need for examination.**

The Debtor cites prior testimony, document production, and amendments to his Statement of Financial Affairs. These steps do not automatically resolve questions about the accuracy or completeness of disclosures. Nor does a Chapter 7 trustee's report of no distribution foreclose examination of facts relevant to discharge or other relief. The examination should permit reasonable follow-up on prior testimony and produced records within the scope of the Court's orders.

**6. Deadlines and any protective procedure must be precise.**

The motion identifies January 15, 2027 as the examination deadline but refers to differing complaint deadlines (February 5 and March 1, 2027). Mr. Giacobelli requests that the Court clarify the operative deadlines by reference to its actual orders. Any status conference should be prompt and should not automatically stay the examination. If a specific topic must be deferred, the Court should narrowly tailor that relief and protect creditors from prejudice.

### 7. The examination must remain meaningful and creditors' rights preserved.

Mr. Giacobelli respectfully submits that the criminal investigation does not automatically suspend the Debtor's bankruptcy obligations or extinguish a creditor's right to investigate his financial affairs. The examination should encompass the Debtor's assets, liabilities, business interests, financial condition, and relevant transactions, subject to the scope of the Court's order and any properly sustained privilege. The Debtor should appear, answer nonprivileged questions, and identify any claimed Fifth Amendment protection as to particular questions on the record. A generalized concern about criminal exposure should not prevent meaningful questioning on all other subjects.

Mr. Giacobelli further requests that the Court preserve a fair opportunity to investigate and pursue any legally supported objection to discharge. If the Court imposes sequencing, a status conference, or any limited deferral, it should establish specific dates and safeguards so that the Debtor's requested protection does not effectively deprive creditors of the examination the Court already authorized.

**REQUEST FOR RELIEF**

Mr. Giacobelli respectfully requests that the Court: (1) deny the proposed 120-day deferral; (2) direct that the Rule 2004 examination proceed by the existing deadline unless the Court expressly orders otherwise; (3) permit questioning on all relevant, nonprivileged financial matters within the authorized scope; (4) require any Fifth Amendment assertion to be made question by question on the record, with prompt resolution of disputes; (5) decline to make adverse findings against creditors based on the unsupported allegations in Docket No. 153; (6) clarify the operative examination and complaint deadlines; and (7) grant such other appropriate relief as justice requires. Mr. Giacobelli further requests clarification of the position

expressed by Debtor's counsel at the November 12, 2026 hearing in light of the investigation described in Docket No. 153.

Respectfully submitted,

Robert Giacobelli, Creditor, pro se
5 Brentwood Avenue
Stoneham, MA 02180
Telephone: 781-866-9190
Email: robjack68@verizon.net
Prepared: November 18, 2026 | Date filed: 11-18-2026

**CERTIFICATE OF SERVICE**

I certify that on the actual date(s) entered below, I served a true copy of this Opposition on the following persons by the method indicated. Complete the service details and sign only after service has occurred.

Barry R. Levine, Esq., counsel for Debtor — barry@levineslaw.com — Method: EMAIL Date served: 11-18-2026
Mark G. DeGiacomo, Chapter 7 Trustee — mdegiacomo@harrisbeachmurtha.com — Method: EMAIL Date served: 11-18-2026
Richard King, Assistant U.S. Trustee — [verify service email/address] — Method: 11-18-2026 Date served: EMAIL
Other parties entitled to notice under applicable rules or court order — [names, addresses, methods, and dates, if applicable]

I understand that electronic filing or emailing a document does not necessarily constitute service on all required parties. I will verify the applicable service list and local requirements before filing.

Robert Giacobelli Date: 11-18-2026